> To the extent this letter requests that the Court appoint new counsel to "advise [defendant] and represent him with respect to his right to pursue a petition under" 28 U.S.C. § 2255, that application is DENIED WITHOUT PREJUDICE as premature. There is no Section 2255 petition pending, although defendant certainly has the right both to file and pursue such a petition if he so desires. He does not need counsel to advise him of that right. If and when defendant files such a petition, and if he thereafter requests appointment of counsel, the Court will consider that request in the normal course under 18 U.S.C. § 3006A(a)(2)(B). Whether a Section 2255 petition would have merit is a different question altogether and not one the Court has the power to address at this time. The Court nevertheless appreciates the fact that Mr. DeVita has brought this issue to the attention of his client, the government, and the Court. By 12/11/2020, Mr. DeVita is directed to provide a copy of this memo endorsed order to Mr. Gonzalez and file proof of service on the docket.
>
> _/s/ Vincent L. Briccetti_
> Vincent L. Briccetti, U.S.D.J.      12/5/2020

**VIA ECF**
Honorable
The Hon. C
Federal Bui
300 Quarro
White Plain

      Re:  <u>United States v. Jesus Gonzalez,</u> 18 Cr. 291 (VB)

Dear Judge Briccetti:

      I write to bring to Your Honor's attention a recent decision of the United States Court of Appeals for the Ninth Circuit, *United States v. Isaac Daniel Bautista,* No. 19-10448, 2020 WL 6865043 (Nov. 23, 2020) (copy attached), which I believe indicates Mr. Gonzalez was incorrectly sentenced as a career offender under U.S.S.G. § 4B1.1. In *Bautista* the Ninth Circuit held that an Arizona state conviction for a marijuana offense did not constitute a "prior controlled substance offense" under U.S.S.G § 4B1.2 (b) because the definition of "marijuana" that applied under the Arizona law at the time of the prior conviction was broader than the Federal definition of marijuana at the time of Bautista's sentencing. The Arizona definition of marijuana at the time of the prior offense included hemp. Hemp was removed from the Federal definition of marijuana on December 20, 2018 when the Agricultural Improvement Act, Pub. L. 115-334, 132 Stat. 4490, was signed into law. Using a categorical approach, the *Bautista* court held that actual substance involved in the prior conviction was irrelevant if the reach of the Arizona statute was broader than the Federal Controlled Substance Act. The court also held that the determination of whether the state conviction was for a "controlled substance offense" was to be based on a comparison of the state definition of "controlled sentence" at the time of the prior conviction with the Federal definition at the time of sentencing in the current case. Finally the court held that even though Bautista had not raised the objection in the district court, he was

Hon. Vincent L. Briccetti, U.S.D.J.
Re: <u>United States v. Jesus Gonzalez</u>, 18 Cr. 291 (VB)
December 4, 2020
Page 2

entitled to resentencing because the use of the Career Offender Guideline when one of his prior convictions did not qualify as a "controlled substance offense" was plain error.

Mr. Gonzalez was sentenced on March 13, 2020 to 84 months of imprisonment. According to the Presentence Investigation Report ("PSR") (Document 261), Mr. Gonzalez was a career offender under U.S.S.S.G.§ 4B1.1(a) because he had two prior "controlled substance" convictions: (1) 2008 conviction in Oklahoma for unlawful possession of marijuana with intent to distribute, and (2) a 2011 conviction in Arizona for another marijuana violation . PSR ¶¶ 41, 51, 52.  However, Mr. Gonzalez's Arizona conviction was based on the same definition of marijuana that the Ninth Circuit held in *Bautista* could not be the basis for a "controlled substance offense" under the Career Offender Guideline.  (I have not researched the definition of marijuana that was the basis for the 2008 Oklahoma marijuana conviction, but is possible that it also has the same difference as the Arizona definition; however, it may not be relevant because if, as I submit, the Arizona conviction cannot be considered a "prior controlled substance offense," then it does not matter whether or not the Oklahoma conviction is).  Since Mr. Gonzalez was sentenced after the December 2018 change in the Federal definition of marijuana, under *Bautista* his Arizona conviction was not for a "controlled substance offense" and he was not a "career offender" under §4B1.1(a).

Although the Second Circuit has not decided the precise issue presented in *Bautista*, in *United States v. Townsend,* 897 F.3d 66 (2d Cir. 2018), it did hold that a state court conviction could not qualify as a "controlled substance offense" under the Sentencing Guidelines unless the controlled substance or substances  covered by the state statute of conviction were also covered by the Federal Controlled Substance Act – a holding that was central to the  *Bautista* decision.[1] In *Townsend,* however, the difference between the state controlled substance provision and the Federal one existed both at the time of the state conviction and at the time of the imposition of sentence in the subsequent Federal case.  Therefore, in *Townsend* the Second Circuit did not reach the issue of whether a Federal sentencing court must make the comparison between state and Federal law as of the time of the prior state offense conviction, or must compare the Federal law as it exists at the time of the subsequent Federal sentencing proceeding with the state law at the time of the state conviction – as the Ninth Circuit did in *Bautista*.

Since *Townsend,* the majority of district courts in this Circuit that have considered this issue have concluded, as the Ninth Circuit did in *Bautista*, that if the state controlled substance definition at the time of a prior state court conviction was broader than the Federal definition is at the time of sentencing, then the prior state court conviction cannot be considered a "controlled

---

[1] Some other circuits, on the other hand, have held that a state court conviction can be a "controlled substance offense" for purposes of § 4B1.1 even if the substance covered by the state law is not a controlled substance for Federal purposes.  *See United States v. Ward,* 972 F.3d 364, 367, 372-74 (4th Cir. 2020); *United States v. Ruth,* 966 F.3d 642, 651-54 (7th Cir. 2020).

Hon. Vincent L. Briccetti, U.S.D.J.
Re: <u>United States v. Jesus Gonzalez</u>, 18 Cr. 291 (VB)
December 4, 2020
Page 3

substance offense" for purposes of the 4B1.1 Career Offender Guideline. *See United States v. Swinton,* 15 Cr. 06055 (EW), 2020 WL 6107054 (W.D.N.Y October 15, 2020) (collecting and discussing cases);  Those decisions rely on the direction in 18 U.S.C. § 3553(a)(4)(A)(ii) that a sentence be based in the guidelines in effect at the time of sentencing. *Id.* at *6 ("'the entire structure of the guidelines in 18 U.S.C. Section 3553(a)(4)(A)(ii) requires that the determination be made at the time of sentence,'" *quoting United States v. Santana*, No. 18 Cr. 865 (S.D.N.Y. Aug. 22, 2019) (Caproni, D.J.).

  Among the Southern District decisions holding that, under *Townsend,* the required comparison is between the state law at the time of the state conviction and the Federal law at the time of sentencing is a September 19, 2019 ruling by Judge Seibel.  *United States v. Jerry Augustine,* 17 Cr. 735 (CS), September 19, 2019 Sentencing Transcript (Document No. 332) at 4-6. Judge Seibel held the § 4B1.1 Career Offender Guideline inapplicable notwithstanding a plea agreement that included a stipulation agreeing it was, because of a difference between the New York State definition of a "narcotic drug" at the time of one of Augustine's prior New York State convictions and the Federal definition at the time of sentencing. *Id.*  Despite the fact that Augustine appealed his sentence as "procedurally and substantively unreasonable," the government chose not to cross appeal Judge Seibel's holding that the Career Offender Guideline did not apply, and instead successfully moved to dismiss the appeal on the basis of the appeal waiver in Augustine's plea agreement.  *United States v. Andre Huddy (Augustine)*, 19-3143, Docket No. 52, 65, 100 (2d Cir. 2020).

  Thus, it appears that under the prevailing law in this Circuit, Mr. Gonzalez should not have been sentenced as a career offender.  The difference to his sentencing calculation is significant.  The PSR calculated Mr. Gonzalez's recommended sentencing range under the career offender guideline – a net offense level of 29 and a Criminal History level of category VI, resulting in a sentencing range of 152-188 months.  PSR ¶¶ 35-44, 55, 103.  However, without the Career Offender Guideline enhancements, Mr. Gonzalez's net offense level would have been 21, and his Criminal History Category would have been IV, for a sentencing range of 57-71 months.  PSR ¶¶ 35-40, 56.  His sentence of 84 months imprisonment was more than a year above the top of the correct guideline sentencing range.

  The plea agreement between the defendant and the government contained a stipulation that Mr. Gonzalez met the requirements for sentencing as a Career Offender because he allegedly had two prior "controlled substance" convictions. November 25, 2019 Plea Agreement (Court Exhibit 2) ("Plea Agreement") at 2-4.  In my sentencing memorandum to the Court on behalf of Mr. Gonzalez, I argued that the Career Offender Guideline overstated the significance of Mr. Gonzalez's prior marijuana convictions; however, I did not make the argument that the Career Offender Guideline was inapplicable because one or both of those two convictions did not constitute "prior controlled substance offenses" under §4B1.1.  Sentencing Memorandum on Behalf of Defendant Jesus Gonzalez (Document No. 268) at 1-5.  Similarly, at the sentencing

Hon. Vincent L. Briccetti, U.S.D.J.
Re: <u>United States v. Jesus Gonzalez</u>, 18 Cr. 291 (VB)
December 4, 2020
Page 4

hearing, I did not contest the applicability of the Career Offender Guideline.  *United States v. Jesus Gonzalez,* 18 Cr. 291 (VB), March 13, 2019 Sentencing Transcript at 3-5.  (Although I have a copy of the transcript of the sentencing proceeding, apparently it was not filed on ECF because I was not able to find a copy on the ECF docket for this case).

      Mr. Gonzalez pled guilty pursuant to a plea agreement that contains an appeal waiver that also waives the right make an application pursuant to 28 U.S.C. § 2255.  Plea Agreement at 5-6.  That waiver, however, also provides that "nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.  Rather, it is expressly agreed that the defendant reserves those rights."  Plea Agreement at 6.  Thus, it appears that Mr. Gonzalez may be entitled to relief pursuant to § 2255.

      I therefore respectfully request that Your Honor assign new counsel to represent Mr. Gonzalez to advise him and represent him with respect to his right to pursue a petition under § 2255.

                              Respectfully submitted,

                              *s/ James R. DeVita*

                              James R. DeVita

cc:    Samuel Adelsberg, Esq., Assistant United States Attorney (by ECF)
         Olga Zverovich, Esq., Assistant United States Attorney (by ECF)
         Mr. Jesus Geraldo Gonzalez, Reg. No. 08433-408 (by mail)