```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JESUS GONZALEZ,                                               :
                         Petitioner,                          :
                                                              :   OPINION AND ORDER
                                                              :
v.                                                            :   21 CV 1228 (VB)
                                                              :   S3 18 CR 291-3 (VB)
UNITED STATES OF AMERICA,                                     :
                         Respondent.                          :
--------------------------------------------------------------x
```

Briccetti, J.:

Petitioner Jesus Gonzalez moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner claims his attorney was constitutionally ineffective at sentencing when he did not object to the Court's classification of petitioner as a "career offender" under the federal Sentencing Guidelines.

For the following reasons, the motion is DENIED and the petition is DISMISSED.

## BACKGROUND

On November 26, 2019, pursuant to a plea agreement, petitioner waived indictment and pleaded guilty to a superseding information charging a conspiracy to distribute and possess with intent to distribute cocaine.

The plea agreement included a stipulated sentencing range of 151 to 188 months' imprisonment. This range was based on, among other things, the classification of petitioner as a "career offender."

Specifically, the parties agreed:

> Pursuant to U.S.S.G. § 4B1.l(a), the defendant is a career offender because (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is a controlled substance offense; and (3) as described herein, the defendant has at least two prior felony convictions of controlled substance offenses.

1

(Doc. #13-1, at 2).[1]

According to the parties' stipulation, on August 16, 2011, petitioner was convicted in Arizona Superior Court, Pima County, "of possession of marijuana for sale under two pounds, a felony offense in violation of [Arizona Revised Statutes ("A.R.S.")] § 13-3405, and sentenced to three years' imprisonment." (Doc. #13-1, at 4). The parties agreed this conviction (the "Arizona conviction") constituted a prior felony conviction of a "controlled substance offense" for the purpose of the career offender sentencing guideline. (Doc. #10-1, at 26–27).

At sentencing on March 13, 2020, the Court adopted the parties' agreed-upon guidelines calculation of 151 to 188 months, which was based in part on the application of the career offender guideline. Petitioner's attorney argued that, although this guidelines calculation "technically appl[ied]" (Doc. #10-2, at 9), the calculation was based on a criminal history category that exaggerated the seriousness of petitioner's prior criminal history.

The Court ultimately sentenced petitioner to 84 months' imprisonment, which represented a significant downward variance from the sentencing range. The Court reasoned, among other things, that the career offender classification did indeed exaggerate the seriousness of petitioner's criminal history.

Judgment was entered on March 13, 2020. Petitioner did not appeal.

On December 4, 2020, petitioner's counsel, who had represented petitioner during the underlying criminal case, requested that new counsel be appointed to advise petitioner with respect to a potential petition for relief pursuant to 28 U.S.C. § 2255. Counsel contended petitioner should not have been considered a career offender under the Sentencing Guidelines and suggested petitioner had a viable claim for habeas corpus relief. In support, counsel attached

---

[1] Document numbers refer to the 21 CV 1228 docket.

a recent decision by the U.S. Court of Appeals for the Ninth Circuit, United States v. Bautista, 989 F.3d 698 (9th Cir. 2021), in which the court concluded a defendant's prior conviction under A.R.S. § 13-3405 should not have been considered a felony "controlled substance offense" for the purpose of the career offender sentencing guideline because the substances criminalized by the Arizona law were not a categorical match for the substances criminalized by the federal Controlled Substances Act ("CSA") at the time of the defendant's federal sentencing.

This Court denied the request for appointment of counsel as premature, because at the time there was no Section 2255 motion pending.

Petitioner, proceeding pro se, filed the instant 2255 motion on February 10, 2021. Thereafter, the Court appointed new counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B).

## DISCUSSION

I. Ineffective Assistance of Counsel

The government contends it was not objectively unreasonable for petitioner's counsel at sentencing not to object to petitioner's classification as a career offender.

The Court agrees.

A. Legal Standard

To prevail under the familiar standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), a petitioner must (i) demonstrate his attorney's performance fell below an "objective standard of reasonableness," meaning it amounted to incompetence under "prevailing professional norms," id. at 688; and (ii) affirmatively prove actual prejudice, meaning "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, not merely that an error "had some conceivable effect on

the outcome." Id. at 693.[2] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Moreover, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. at 689. For example, "an attorney is not required to forecast changes or advances in the law in order to provide effective assistance." McCoy v. United States, 707 F.3d 184, 188 (2d Cir. 2013). Nor is an attorney required to make all nonfrivolous arguments in a defendant's favor. See, e.g., Weingarten v. United States, 865 F.3d 48, 56–58 (2d Cir. 2017). This is because there are many ways to provide effective assistance in a given case. "Rare are the situations in which the 'wide latitude counsel must have in making tactical decisions' will be limited to any one technique or approach." Harrington v. Richter, 562 U.S. 86, 106 (2011) (quoting Strickland v. Washington, 466 U.S. at 689).

An attorney is, however, constitutionally ineffective when he does not object to an obviously incorrect sentencing guidelines calculation. See, e.g., Johnson v. United States, 313 F.3d 815, 818 (2d Cir. 2002). That said, an attorney's failure to raise an argument about a guidelines calculation, even if nonfrivolous, is not necessarily objectively unreasonable. Colon v. United States, 2009 WL 3353046, at *5–8 (S.D.N.Y. Oct. 16, 2009).

B. Application

The decision not to object at sentencing to classifying petitioner as a career offender under the Sentencing Guidelines was not objectively unreasonable.

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

4

"The career offender guidelines are the Sentencing Commission's response to instruction from Congress, in the Sentencing Reform Act of 1984, that repeat perpetrators of violent crimes and repeat drug traffickers should be sentenced to a term of imprisonment at or near the maximum term authorized."  United States v. Butler, 970 F.2d 1017, 1023 (2d Cir. 1992).

Relevant here, a defendant is considered a "career offender" under the Sentencing Guidelines if "the defendant has at least two prior felony convictions of . . . a controlled substance offense."  U.S.S.G. § 4B1.1(a)(3) (2018).

A "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. § 4B1.2(b).  A "controlled substance," in turn, "refers exclusively to a substance controlled by the CSA."  United States v. Townsend, 897 F.3d 66, 72 (2d Cir. 2018).

To determine whether an offense constitutes a controlled substance offense under the Guidelines, courts "take a 'categorical' approach," meaning they "look only to the statutory definition of the prior offense of conviction rather than to the underlying facts of that offense." United States v. Brown, 514 F.3d 256, 265 (2d Cir. 2008).  That is, a state offense only constitutes a controlled substance offense under the Guidelines if it "is a categorical match with . . . federal law's definition of a controlled substance."  United States v. Townsend, 897 F.3d at 72.

Contrary to petitioner's assertions, it is "unsettled" in the Second Circuit whether this categorical analysis should be conducted at the time of the underlying state conviction (a "time-of-conviction" approach) or at the time of the federal sentencing (a "time-of-sentencing"

approach). United States v. Lucas, 2021 WL 3700944, at *4 (2d Cir. Aug. 20, 2021) (summary order), cert. denied, 2022 WL 828033 (Mar. 21, 2022).

Petitioner asserts his attorney at sentencing should have objected to the application of the career offender guideline because the state law underlying the Arizona conviction was not a controlled substance offense, and thus he was not a career offender, because the Arizona statute was not a categorical match for the CSA <u>at the time of his federal sentencing</u>. Specifically, when petitioner was sentenced by this Court on March 13, 2020, the state statute underlying the Arizona conviction criminalized hemp, which had been removed from the CSA schedules in 2018. At the time of his Arizona conviction on August 16, 2011, however, both the Arizona statute and the CSA criminalized hemp.

The decision not to object to the application of the career offender guideline was not objectively unreasonable. A defense attorney's decision not "to raise an argument may, in some instances, constitute [constitutionally] deficient performance." Weingarten v. United States, 865 F.3d at 53. However, this decision must be judged "in light of the state of the law at the time of the attorney's conduct." Id. At the time of petitioner's sentencing on March 13, 2020, the Second Circuit "ha[d] not provided a clear answer to th[e] unsettled question" of "whether to adopt a 'time-of-conviction approach' . . . or a 'time-of-sentencing' approach" to the categorical analysis it outlined in Townsend. See United States v. Lucas, 2021 WL 3700944, at *4. (As of the date of this Opinion and Order, the Second Circuit still has not provided such an answer.) Thus, "given the lack of controlling authority on this difficult issue," petitioner's attorney was not "objectively unreasonable" when he did not argue for the "time-of-sentencing" approach at sentencing. Weingarten v. United States, 865 F.3d at 58; see also, e.g., United States v. Vailette, 578 F. App'x 32, 33 (2d Cir. 2014) (summary order) (counsel not constitutionally ineffective at

sentencing for not objecting to a sentencing enhancement when, at the time, it was unclear there was any legal basis to do so).

Moreover, to the extent the Court could infer from defense counsel's December 4, 2020, letter that he did not conduct any categorical analysis of the law underlying the Arizona conviction as required by Townsend, this would also not constitute ineffective assistance of counsel because it did not prejudice petitioner.

To satisfy the second prong of Strickland, a habeas petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." McCoy v. United States, 707 F.3d at 187.  Petitioner does not dispute that, taking the time-of-conviction approach to Townsend, the relevant Arizona law is a controlled substance offense for the purpose of the career offender guideline.  Thus, in light of the uncertainty in the law described above, there is not a "reasonable probability" that conducting a Townsend analysis would have altered petitioner's sentencing guidelines calculation.  That is, petitioner's attorney could have reasonably taken the time-of-conviction approach and determined that, because at the time of the Arizona conviction the underlying Arizona statute was a categorical match for the CSA, the Arizona conviction was a controlled substance offense that warranted application of the career offender guideline.

Further, even if petitioner's attorney had applied the time-of-sentencing approach and argued that, because the underlying Arizona statute was not a categorical match for the CSA at the time of his sentencing, petitioner should not have been considered a career offender at sentencing, there was no "reasonable probability" this Court would have adopted such an argument given the lack of binding authority requiring it to do so.  See, e.g., McCoy v. United States, 707 F.3d at 188–89 (ineffective assistance claim properly dismissed when there was no

"reasonable probability" petitioner's sentence would have been different had his attorney argued petitioner's prior Connecticut drug conviction was not categorically a felony drug offense such that a sentencing enhancement was warranted when, at the time of sentencing, the law was unsettled).[3]

Accordingly, petitioner's counsel was not constitutionally ineffective, and petitioner's motion to vacate, set aside, or correct his sentence must therefore be denied.

## CONCLUSION

Petitioner Jesus Gonzalez's motion under 28 U.S.C. § 2255 is DENIED and the petition is DISMISSED.

Because at least some of the issues presented in the instant petition involve unsettled areas of law including issues the Second Circuit has yet to decide, petitioner has shown that jurists of reason could disagree, and has thus made a substantial showing of the denial of a constitutional right. Accordingly, the Court issues a certificate of appealability. 28 U.S.C. § 2253(c)(2).

The Court also concludes an appeal would be taken in good faith, and in forma pauperis status is granted for the purpose of an appeal.

The Clerk is instructed to close case no. 21 CV 1228.

Dated: March 25, 2022  
      White Plains, NY

SO ORDERED:

_____  
Vincent L. Briccetti  
United States District Judge

---

[3] In light of this conclusion, the Court does not reach the government's arguments that (i) this petition is barred by the waiver in petitioner's plea agreement; or (ii) had counsel made the time-of-sentencing argument at sentencing, counsel would have caused petitioner to breach his plea agreement.